UNITED STATES DISTRICT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| BLUE MARLIN SERVICES OF ACADIANA, LLC | CIVIL ACTION NO. |
| VERSUS | DISTRICT JUDGE |
| LLOYD'S OF LONDON UNDERWRITERS, ET AL | MAGISTRATE JUDGE *Electronically Filed* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes and appears Blue Marlin Services of Acadiana, LLC ("Blue Marlin"), who files this Complaint against Defendants and represents as follows:

1.

Blue Marlin is a Louisiana Limited Liability Company with its principal place of business in Lafayette Parish, Louisiana.

2.

Made Defendants herein are Lloyd's of London Underwriters, including but not limited to the following syndicates/references:

| Syndicate | Pseudonym/Reference |
|---|---|
| 2001 | AML |
| 4472 | LIB |
| 2987 | BRT |

(The foregoing are hereinafter collectively referred to as "Lloyd's").

Upon information and belief, Lloyds's are foreign insurers and/or underwriters authorized and doing business in Louisiana.

3.

For jurisdictional purposes, the sole members of Blue Marlin are Robert Bertrand and David Dupuis, and both are residents and/or citizens of the State of Louisiana. This Honorable Court has diversity jurisdiction pursuant to 28 U.S.C. §1332, and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## COUNT I

4.

Lloyd's issued a policy of insurance to Blue Marlin as evidenced by Cover Note Number TMU-405364 in effect from September 1, 2013 to September 1, 2014. A copy of the binder/policy is attached hereto as **EXHIBIT A**.

5.

Pursuant to the binder/policy, the deductible obligation under the policy was as follows:

"DEDUCTIBLE: USD 25,000 any one accident or illness

USD 100,000 Annual Aggregate Deductible"

The phrase "Annual Aggregate Deductible" is not defined in the policy.

6.

In connection with a claim that occurred during the effective date of **EXHIBIT A**, Lloyd's wrongfully instructed Blue Marlin that it was required to pay a $125,000.00 deductible for the single claim in order to obtain a defense and coverage for such claim. Blue Marlin complied with Lloyd's instructions and paid $125,000.00.

7.

As a result of the foregoing, Lloyd's breached the terms of the insurance policy, and Lloyd's is solidarily liable for the $100,000.00 excess payment made by Blue Marlin pursuant to the instructions of Lloyd's, plus legal interest, attorney fees and/or penalties allowed by law.

8.

Alternatively, Blue Marlin seeks to recover the foregoing amounts under the legal theory of payment of a thing not due under Louisiana law and/or any other applicable law.

## COUNT II

Blue Marlin realleges and reavers the allegations set forth in paragraphs 1 through 8 above.

9.

Lloyd's issued a second policy of insurance to Blue Marlin as evidenced by Cover Note Number TMU-406038 in effect from September 1, 2014 to September 1, 2015, a copy of which is attached as **EXHIBIT B**. In connection with a single claim that occurred during the effective date of **EXHIBIT B**, Lloyd's is demanding that Blue Marlin pay the $125,000.00 deductible for a single claim covered by the 2014-2015 policy.

10.

As evidenced in **EXHIBIT B**, the deductible obligation under the policy was as follows:

DEDUCTIBLE: USD 25,000 any one accident or illness

USD 100,000 Annual Aggregate Deductible

The phrase "Annual Aggregate Deductible" is not defined in the policy.

11.

Blue Marlin seeks a Declaratory Judgment holding that Blue Marlin is only required to pay a $25,000.00 deductible for the single claim subject to the policy evidenced as **EXHIBIT B**, and is

not required to also pay the $100,000.00 annual aggregate deductible. In the spirit of cooperation, Blue Marlin has paid the $25,000 per accident deductible for the 2014-2015 claim.

**WHEREFORE**, after due proceedings had, Blue Marlin respectfully prays for a Judgment in its favor holding that Lloyd's is liable for $100,000.00, plus legal interest from the date paid, and all penalties and attorney fees allowed by law.

Blue Marlin also seeks a Declaratory Judgment from this Court holding that Blue Marlin is not obligated to pay another $100,000.00 annual aggregate deductible with respect to the single claim asserted in connection with 2014-2015 policy evidenced by **EXHIBIT B**.

Blue Marlin further prays for all general and equitable relief.

Respectfully submitted,

**SCOFIELD & RIVERA, L.L.C**

BY: *s/Bryan D. Scofield*
**BRYAN D. SCOFIELD - #19147**
**JAMES T. RIVERA - #23913**
100 E. Vermilion, Suite 301
Post Office Box 4422
Lafayette, Louisiana 70502
(337) 235-5353

**ATTORNEYS FOR** Blue Marlin Services of Acadiana, LLC